UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re: Larry Dexter Brown, Sr.,                                    Case No. 15-33447-KLP
      Debtor.                                                          Chapter 13

### MEMORANDUM OPINION

Before the Court is the motion of Debtor Larry Dexter Brown, Sr., for a waiver of the requirement of § 109(g)(2) of the Bankruptcy Code, which provides that an individual may not be a debtor in any chapter of the Bankruptcy Code within 180 days of that debtor's voluntary dismissal of a bankruptcy case "following the filing of a request for relief from the automatic stay provided by section 362 of this title."  11 U.S.C. § 109(g)(2).  It is undisputed that the Debtor filed this chapter 13 case within the 180-day period following his voluntary dismissal of a prior case filed in this Court and following a creditor's request for relief from the automatic stay in that case.[1]  A hearing on the motion was held on July 15, 2015, after which the Court took the matter under advisement and gave the parties the opportunity to submit further memoranda of law on the issue.

**The Previous case**.  The Debtor's prior case, No. 11-30048-KRH, was a chapter 13 case filed in this Court on January 5, 2011.  The history of the Debtor's prior chapter 13 case is complex.  In relevant part, on August 24, 2011, creditor Bayview Loan Servicing, LLC, ("Bayview") filed a motion for

---

[1] The Debtor voluntarily dismissed the previous case by motion filed July 1, 2015, on the eve of foreclosure by Bayview Loan Servicing, LLC, pursuant to a 2012 order granting Bayview relief from the automatic stay of 11 U.S.C. §362. In addition, the voluntary dismissal followed the April 28, 2015, motion of creditor Virginia State University Federal Credit Union for relief from the automatic stay of § 362.

relief from the automatic stay with respect to certain real property located at 17 Holly Hill Drive, Petersburg, VA. On October 17, 2011, the parties entered into a consent order under the terms of which the Debtor would cure his payment arrearage and maintain the payments on the property. However, the Debtor defaulted on the terms of the consent order and the Court entered an order granting Bayview relief from the stay on March 7, 2012.[2]

On November 21, 2013, creditor Specialized Loan Servicing, LLC, as Servicer for the Bank of New York Mellon, as Trustee for the Certificateholders of the CWABS, Inc., Asset-backed Certificates, Series 2007-9 ("Specialized Loan Servicing"), filed a motion for relief from the automatic stay with respect to real property located at 12805 Nightingale Dr., Chester, VA. The Debtor, through counsel Darryl A. Parker, filed a response to the motion. A hearing on the motion was held on December 18, 2013, at which time the Court granted the motion. Parker did not appear at

---

[2] There were several other motions for relief filed in the previous case. On April 8, 2011, creditor Virginia State University Federal Credit Union filed motions for relief from the automatic stay with respect to real property located at 33 Liberty St., Petersburg, VA, and a 2001 Chevrolet truck, but the motions were subsequently withdrawn.

On August 2, 2011, creditor HSBC Bank USA, National Association, as Trustee for NAAC Mortgage Pass-Through Certificates, Series 2007-1, filed a motion for relief from the automatic stay with respect to real property located at 4515 Brickwood Meadows Ct., Petersburg, VA. The parties entered into a consent order on August 30, 2011, but the Debtor defaulted on the terms of the consent agreement and the Court entered an order granting HSBC relief from the stay on March 30, 2012.

Also on August 2, 2011, creditor US Bank National Association, as Successor Trustee to Bank of America, National Association, as Trustee for Morgan Stanley Mortgage Loan Trust 2007-1XS, filed a motion for relief from the automatic stay with respect to real property located at 5942 Warwick Rd., Richmond, VA. The parties entered into a consent order on August 30, 2011, but the Debtor defaulted on the terms of the consent agreement and the Court entered an order granting HSBC relief from the stay on March 21, 2012.

2

the hearing, and an order granting the motion was entered on December 31, 2013.

On January 6, 2015, a year after the entry of the Court's order granting relief from the automatic stay to Specialized Loan Servicing, the Debtor pro se filed a motion to reconsider that order. At the January 28, 2015, preliminary hearing on the motion to reconsider, the Debtor was represented by attorney Corine Bailey. The Court held an evidentiary hearing on the motion to reconsider on March 11, 2015, at which Ms. Bailey also represented the Debtor. At the hearing, the Court denied the motion to reconsider, and an order denying the motion was entered on March 18, 2015.

Finally, on April 28, 2015, Virginia State University Federal Credit Union filed a motion for relief from the automatic stay with respect to real property located at 33 Liberty St., Petersburg, VA. The Debtor, through counsel, objected to the motion, and the Court held a hearing on the motion on May 20, 2015, at which Ms. Bailey appeared as counsel for the Debtor. The hearing was continued for a final hearing that was scheduled to be held on July 29, 2015.

The Court further notes that during the pendency of the chapter 13 case, the Chapter 13 trustee filed three separate motions to dismiss the Debtor's case for the Debtor's failure to make the required plan payments. The last such motion was pending when the Debtor filed his voluntary motion to dismiss. Further, the Debtor filed six separate chapter 13 plans in the

previous case, three of which were confirmed, the first on September 29, 2011 and the last on February 22, 2013.

The Debtor voluntarily dismissed the previous case by motion filed July 1, 2015.

**The current case.**  The current case was filed on July 9, 2015, immediately prior to Bayview's scheduled foreclosure on the Debtor's real property, based upon the March 2012 order granting Bayview relief from the automatic stay.  Also on July 9, 2015, the Debtor filed the § 109(g)(2) motion, and on July 14, 2015, the Debtor filed a motion under § 362(c)(3)(B) of the Bankruptcy Code to extend the automatic stay to all creditors.

At the hearing on the motion for waiver of § 109(g)(2), counsel for the Debtor conceded that stopping Bayview's pending foreclosure was the reason for the Debtor's dismissal of his previous case and subsequent filing of the current case.  Nonetheless, the Debtor urges that despite the facial applicability of § 109(g)(2) to his case, the equities of the case support a finding that the application of § 109(g)(2) be waived.  Bayview has objected to the motion for waiver of § 109(g)(2), arguing that § 109(g)(2) is clear in its terms and that its application is mandatory.

Section 109(g)(2) was enacted to address the problem caused by a debtor who voluntarily dismisses his case and then refiles in response to a creditor's motion for relief from the automatic stay.  As summarized in *In re Patton*:

4

> [S]ection 109(f)(2) is intended to address the situation in which the debtor files a bankruptcy case to stay a foreclosure, and when the creditor seeks relief from the automatic stay, the case is then voluntarily dismissed by the debtor. The debtor then refiles prior to the creditor's completing his next attempt to foreclose, and through this scheme, the debtor can continually frustrate the creditor's attempts to foreclose.

*In re Patton*, 49 B.R. 587, 589 (Bankr. M.D. Ga. 1985).[3]

There are several approaches to the application of § 109(g)(2). One approach is to strictly construe the provision according to its plain meaning, which in this case would result in a finding that the Debtor is ineligible to file the current case. In *In re Stuart*, 297 B.R. 665 (Bankr. S.D. Ga. 2003), the court reiterated the Supreme Court's admonition that a court seeking to determine Congressional intent should consult the statutory language itself, and "if the statute is clear and unambiguous, that is the end of the matter, for the court ... must give effect to the unambiguously expressed intent of Congress." *Id.* at 668 (quoting *Mobil Oil Exploration & Producing S.E. Inc. v. United Distribution Cos.,* 498 U.S. 211, 223 (1991)). *See also In re Steele*, 319 B.R. 518 (E.D. Mich. 2005); *Andersson v. Security Fed. Sav. and Loan of Cleveland (In re Andersson)*, 209 B.R. 76 (B.A.P. 6th Cir. 1997).

Another approach is to see whether there is a causal connection between the motion for relief and the dismissal of the case. In 1998, Judge Adams of this Court adopted that approach in *In re Sole*, 233 B.R. 347 (Bankr. E.D. Va. 1998). Judge Adams found that:

---

[3] In 1984, Congress enacted § 109(f), the predecessor to § 109(g), Pub. L. No. 98–353, 98 Stat. 352 (1984) and in 1986, § 109(f) was renumbered to § 109(g) without substantive change. Pub. L. No. 99–554, 100 Stat. 3105 (1986).

5

> the proper approach to Section 109(g)(2) is to examine the circumstances surrounding a creditor's motion for relief from stay and a debtor's subsequent motion to dismiss. If the examination reveals that the debtor was acting in response to the motion for relief from stay, then the debtor is barred by the terms of Section 109(g)(2) from being a debtor under Title 11 for 180 days. If, on the other hand, the examination reveals some other reason for the debtor's motion to dismiss, apart from an effort to thwart a creditor's valid exercise of its rights, then the Court should deny the creditor's motion to dismiss.

*Id.* at 350 (citing *First Nat'l. Bank of Rocky Mount v. Duncan (In re Duncan)*, 182 B.R. 156 (Bankr. W.D. Va. 1995)). In the present case, a causal analysis would result in a denial of the § 109(g)(2) motion as well, as it is undisputed that the previous case was dismissed and the current case filed to thwart the efforts of Bayview to exercise the right to foreclose granted in the previous case.

Finally, some courts have employed an equitable analysis, balancing the equities.[4] This approach was employed in *In re Howard*, 311 B.R. 230 (Bankr. E.D. Wis. 2004) and is urged by the Debtor. In *Howard*, the court found that the application of § 109(g)(2) is discretionary and should not prohibit a debtor from a new filing in all cases, finding that the statute should not be applied when to do so would lead to "an absurd or

---

[4] For a thorough analysis of the various approaches to application of § 109(g)(2), *see* Ned W. Waxman, Judicial Follies: Ignoring the Plain Meaning of Bankruptcy Code § 109(g)(2), 48 Ariz. L. Rev. 149 (Spring 2006). The article also recognizes a fourth approach to the issue. Under that approach, § 109(g)(2) will not apply if the motion for relief is no longer pending because it has been granted, denied, withdrawn or settled. *See Economy Motors, Inc. v. Jones (In re Jones)*, 99 B.R. 412 (Bankr. E.D. Ark. 1989), *Fulton Fed. Sav. and Loan Ass'n (In re Milton)*, 82 B.R. 637 (Bankr. S.D. Ga. 1988), and *In re Patton*, 49 B.R. 587 (Bankr. M.D. Ga. 1985). The Court declines to adopt this approach.

unconstitutional result." *Id.* at 231 (quoting *In re Stuart*, 297 B.R. at 668).[5] In the present case, however, there is no unconstitutional or absurd result. Rather, barring a subsequent filing accomplishes exactly what the drafters intended when they enacted § 109(g)(2), which was to prevent a debtor from refiling for the sole purpose of thwarting a creditor that seeks to exercise its rights to collateral.

One extenuating circumstance argued by the Debtor in this case involves the conduct of the Debtor's prior counsel, Darryl Parker, in the previous case. The docket shows that the Debtor was represented by Parker when the final order granting relief as to Bayview was entered in 2012.[6] The Debtor asserts that legal error by Parker necessitated that the previous case be dismissed and the instant case filed. However, the Court has been presented with no evidence of legal error or how such alleged legal error caused the prior case to fail.

Another equitable argument cited by the Debtor is his contention that a foreclosure would result in a loss of substantial equity in the property.

---

[5] The court in *In re Hutchins*, 303 B.R. 503 (Bankr. N.D. Ala. 2003), in discussing the application of § 109(g)(2) in such an instance, stated that:

> [s]urely it is absurd to have the following result: Debtor stops making his or her Chapter 13 payments after a motion for relief from stay is filed. Trustee files a motion to dismiss the case and the motion is granted. Debtor is eligible for a new Chapter 13 without the mechanical application of § 109(g)(2). Alternatively, after or following the filing of a motion for relief from stay, Debtor suffers a job loss, stolen purse, on the job injury or other catastrophic event. She voluntarily dismisses her Chapter 13 to file a new Chapter 13 to include additional debt or to propose a different reorganization or repayment plan in light of the substantial change in the Debtor's finances. Under the latter facts, Movant would argue that § 109(g)(2) prohibits this second opportunity for the debtor.

303 B.R. at 508.

[6] Parker represented the Debtor until at least December 11, 2013, the date Parker filed a response to the Specialized Loan Servicing, LLC, motion for relief.

7

However, despite his contention that there is substantial equity in the property, at the hearing the Debtor testified that the property is currently worth less than the debt and provided no evidence of equity in the property.[7]

Nothing else brought forth at the hearing supports a finding that equity requires a waiver in this case. The real estate at issue is not the Debtor's home but rather is commercial property from which the Debtor receives sporadic rental payments. Although the Debtor stated that he would like to retain the property for his retirement, he admitted that the property was not generating sufficient income to cover his mortgage payments and other related expenses. At the July 15, 2015, hearing, counsel for the Debtor conceded that the Debtor had made no payments to Bayview since January or February of 2015.

Based upon the evidence before it, the Court finds that retaining the property would confer minimal if any benefit upon the Debtor, and certainly would not confer such a benefit upon him as to warrant a waiver of § 109(g)(2). The Court finds that any benefit to the Debtor of waiving the requirements of § 109(g)(2) is greatly outweighed by the detriment to Bayview, which has not received payment from the Debtor since January or February of 2015.

Further, the Court notes that at the time of the voluntary dismissal of the previous case, the Debtor was subject to the motion of Virginia State

---

[7] The Debtor testified that his debt on the property is nearly $300,000 and that the property is worth only $200,000.

8

University Federal Credit Union for relief from the automatic stay. A final hearing on that motion was scheduled for July 29, 2015, but before the hearing could be held, the Debtor voluntarily dismissed the previous case. The Debtor's voluntary dismissal of the previous case in the face of the Virginia State University Federal Credit Union motion lends further support to the application of § 109(g)(2) to the present case.

Under any of the three approaches to the application of § 109(g)(2) discussed herein, the Debtor would not qualify for a waiver. Accordingly, because the Court has found that § 109(g)(2) prohibits the Debtor from filing this case, the case must be dismissed. Therefore,

IT IS ORDERED that the motion to waive the requirements of § 109(g)(2) is DENIED, and it is further

ORDERED that the case is DISMISSED and it is further

ORDERED that any payments due to the Chapter 13 Trustee prior to the entry of this order and received pursuant to a payment directive shall be paid by the Chapter 13 Trustee in accordance with the Debtor's Plan, and any such payments due after the entry of this order shall be remitted to the Debtor.

Signed: July 28, 2015

                                                /s/ Keith L. Phillips
                                        United States Bankruptcy Judge

Entered on Docket: July 28, 2015

Copies:

Corine E.G. Bailey
Law Office of Corine E.G. Bailey PC
P.O. Box 548
Petersburg, VA 23804

Larry Dexter Brown, Sr.
33 Liberty Street
Petersburg, VA 23803

Suzanne E. Wade
P.O. Box 1780
Richmond, VA 23218-1780

Sara A. John
M. Richard Epps, P.C.
605 Lynnhaven Parkway
Virginia Beach, VA 23452